## BOARD OF COUNTY COMMISSIONERS v. OVERTON, et al.

Circuit Court, Palm Beach County.

May 24, 1954.

Harry A. Johnston and Henry F. Lilienthal, both of West Palm Beach, for plaintiffs.

Coe, Richardson & Broberg, West Palm Beach, for Curtis F. Overton, d/b/a Paramount Taxi, and other defendants doing business as Alibi Taxi, Beach Taxi and Park Taxi.

Crary, Thurlow & Randolph, Stuart, for James W. Diamond, d/b/a Diamond Transfer & Taxi Service.

JOSEPH S. WHITE, Circuit Judge.

This cause came on for the entry of final decree upon the testimony taken orally before the court, and argument of counsel.

The principal dispute between the county and defendant taxicab operators grows out of the claim of the taxicab operators that they should be permitted "to enter upon the airport grounds to fulfill an existing contract of employment with a passenger or intended passenger by either (a) transporting him upon order from the airport, or (b) by transporting him upon order to the airport for the purpose of picking up thereat and transporting therefrom another person or persons of the passenger's choice."

In this connection the court has examined the case of North American Co. v. Bird (Fla. 1952), 61 So. 2d 198. A transcript of the record which was before the Supreme Court of Florida in that case has been furnished this court by the attorney for the board of county commissioners. The question there was whether or not a hotel could engage a taxicab operator of its choice to proceed to the airport and fetch the hotel's guest to the hotel. The Supreme Court in that case held that such an arrangement was an illegal encroachment upon an exclusive franchise.

The issues presented to this court in the instant case seem no different in principle, and the court concludes that the dispute existing between the parties to this suit has been settled by the Supreme Court contrary to defendants' contentions.

Thereupon, it is ordered and decreed that the temporary injunction shall be and is hereby made permanent, provided, however, the injunction shall not prohibit the right of any defendant to deliver to the airport a car owned by a private person upon request of such person, the only service to be performed by this defendant being that he was hired to deliver the car to the third person or for the third person at the airport, and to deliver to a customer arriving at the airport from another airport a "U-Drive-It" car that had previously been hired by the incoming party.

Court costs are assessed against the defendants.